IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONALD K. RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-CV-573 MJR |
| | ) | |
| v. | ) | |
| | ) | CJRA TRACK:  B |
| LAFARGE NORTH AMERICA, INC. | ) | |
| AND LAFARGE MIDWEST, INC., | ) | |
| | ) | JUDGE ASSIGNED: Michael J. Reagan |
| Defendants. | ) | |

## PROTECTIVE ORDER

Pursuant to the Order entered on April 24, 2006 the documents produced in this case are governed by the following:

**Scope of "Confidential" Information and Documents**

Given the nature of the claims and parties, the following types of information and documents are deemed confidential in this matter, whether produced by Defendants or Plaintiff:

(i) documents relating to Defendants' internal environmental audits, action plans to address environmental issues, reports and meeting notes regarding environmental audits, issues, efforts and action plans, and notes and reports from plant visits; and

(ii) documents relating to the manner in which Defendants conduct their business operations concerning environmental issues, including confidential information not available to the general public, which for the purposes of this Order is limited to information and documents reflecting or revealing the manner, processes and/or methods by which Defendants identify, monitor and address environmental issues.

For purposes of this Order, "document" or "documents" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by

reason of any notation made on such copies or otherwise (e.g., e-mail, correspondence, diaries, notes, pamphlets, notations of any sort of conversations, telephone calls, meetings or other communications), graphical or aural records or representations of any kind (e.g., x-rays, photographs, charts, graphs, video tapes and motion pictures), and computer, electronic, mechanical or electrical records or representations of any kind (e.g., tapes, disks and recordings).

THEREFORE, for good cause shown, it is ORDERED that all information and documents produced in this case by the parties shall be subject to this Protective Order:

1. This Order shall govern all information and documents, as limited by paragraphs (i) and (ii) above, which are produced by the parties and designated by the producing party as confidential and subject to this Order. The parties shall designate material as confidential and subject to this Order by placing the below marking on the document in a manner which will not interfere with its legibility.

**CONFIDENTIAL - PROTECTED INFORMATION**

Any information and documents marked in this manner shall be "Confidential - Protected Information" and shall be treated as provided below.

2. With respect to any portion of deposition testimony deemed to be Confidential - Protected Information by a party, the designation of confidentiality may be made on the record at the time of the deposition, at which time the designated portion of the testimony shall be deemed Confidential - Protected Information subject to the full protection of this Order. In the case of testimony not so designated during the course of the deposition, counsel must, within ten (10) business days of receipt of the deposition transcript, notify the parties, in writing, of that portion of the deposition testimony that the party contends contains confidential material,

in which case the designated portion of the testimony shall thereafter be subject to the full protections of this Order.

3. If a party wishes to use any Confidential - Protected Information in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in this litigation, the party must submit that information under seal.

4. Except as otherwise directed by this Court, Confidential - Protected Information produced by the parties and protected by this Order shall be revealed only to: a) counsel of record (including law firm employees) for the parties in this action; (b) their experts as identified pursuant to Fed. R. Civ. P. 26(a)(2); (c) Plaintiff and current and former management employees of Defendants at their depositions; and (d) the Court and Court personnel for any purpose the Court finds necessary. This Order is limited to the context of pretrial discovery. Nothing in this Order shall be read to restrict or promote any limitations which may be placed on the use of Confidential - Protected Information at trial. If this lawsuit goes to trial, the parties agree to cooperate in terms of protecting Confidential - Protected Information.

5. With the exception of persons identified in subparagraphs (a) and (d) of paragraph 4 above, no person entitled to access to Confidential - Protected Information under this Order shall be provided with the protected documents or information unless such individual has: (a) read the Order of this Court, and (b) completed and signed the affidavit attached hereto as Exhibit A. No person entitled to Confidential - Protected Information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein. If counsel wishes to share the documents and information with anyone else other than the persons identified in

subparagraphs (a), (b), (c) and (d) of paragraph 4, counsel must seek approval from the opposing party to do so. An exception to seeking approval from the opposing party is if counsel wishes to share the documents and information with a non-management employee of Defendants. In that case, counsel must maintain a list of the non-management employees with whom the documents and information were shared including the specific materials shared and the date they were shared, and provide the list to the opposing party within fifteen (15) days of the conclusion of this litigation. If at any time during the litigation, however, the opposing party has a good faith belief that this Order has been violated, counsel must reveal to the opposing party upon request, the list of the non-management employees with whom the documents and information were shared. If there is a dispute over any "Confidential - Protected Information" designation, the parties shall follow the procedures set forth in paragraph 10 below.

6. Confidential - Protected Information produced to any party or others pursuant to the terms of this Order shall be used for the sole and limited purpose of prosecuting or defending this lawsuit.

7. After the conclusion of the litigation, all Confidential - Protected Information and all documents and materials containing such information, including any and all copies produced by either party, shall (a) within thirty (30) days of the conclusion of this litigation be returned to the producing party upon request; or (b) counsel for either party shall maintain any and all such Confidential - Protected Information, documents and material, including copies of such documents and material produced by the opposing party, subject to the full protections of this Order. If either party wishes to retain a copy of the Confidential - Protected Information for its client file, the information must be maintained subject to the full protections o f this Order. All copies, summaries and abstracts of such Confidential - Protected

4

Information and materials, however maintained, shall be kept completely confidential for the duration of the litigation and at the conclusion of the litigation, shall be returned, destroyed or maintained pursuant to the terms of this paragraph.

8. Following the conclusion of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information that are no longer confidential. This Court retains jurisdiction over all persons provided access to confidential materials or information for enforcement of the provisions of this Order following termination of this action and the final conclusion of this action.

9. The parties further agree to comply with the limitations of this Order against disclosure to anyone other than the individuals identified in subparts (a), (b), (c) and (d) of paragraph 4, with respect to any information or materials designated by another party as Confidential - Protected Information, pending a resolution of the issue by the Court or an agreement permitting disclosure signed by the designating party. No provisions of this Order shall be deemed to preclude any party from challenging the validity of the confidentiality of any Confidential - Protected Information or materials or documents so designated.

10. If any party elects to challenge the designation of confidentiality as to any Confidential - Protected Information, documents or materials pursuant to this Order, that party shall, in writing, notify the party to which the challenged document or information belongs or by whom the challenged document or information was produced of its challenge within fifteen (15) days of the receipt of the so designated document or information. The producing party shall, wthin five (5) days of receipt of such written challenge, be obligated to set forth the basis and grounds upon which such designation was made, and the parties shall promptly confer in a good

5

faith effort to resolve any further disagreement before requesting intervention of the Court. If a party, after such efforts which shall be pursued for at least ten (10) days unless exigent circumstances make such pursuit of efforts impractical or prejudicial, continues to object to the designation of any document, testimony, information or material as "Confidential," and so notifies the designating party in writing, the designating party may, by noticed motion filed within ten (10) days after receipt of notice in writing from the disputing party, apply to the Court for a ruling that the document, testimony, information or material shall be treated as "Confidential." The burden of establishing confidentiality, once challenged by the above procedure, is upon the party producing the document. All documents, testimony or other materials designated by the party as "Confidential," however, shall retain their confidential status until such time as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including any appeal(s). If the designating party does not bring such a motion within ten (10) days of the date of receipt of the notice that an objection has not been resolved, the challenged document, testimony, information or material need no longer be treated as "Confidential" as provided for in this Order.

       11.    Violation by any person of any provision of this Order may be punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Order.

**DATED: April 24, 2006**

                                        <u>s/ Donald G. Wilkerson</u>
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD K. RYAN, | ) |
| | ) |
| Plaintiff, | ) No. 05-CV_573 MJR |
| | ) |
| v. | ) |
| | ) CJRA TRACK:  B |
| LAFARGE NORTH AMERICA, INC. | ) |
| AND LAFARGE MIDWEST, INC., | ) |
| | ) JUDGE ASSIGNED: Michael J. Reagan |
| Defendants. | ) |

## AFFIDAVIT TO PROTECTIVE ORDER

I, _____, hereby declare as follows:

1. I am a representative designated by _____, a party to this action, pursuant to the Protective Order ("Order") of this Court entered in this case on _____, 2006.

2. A copy of the Order has been delivered to and has been carefully reviewed by me.

3. I fully agree to abide by the obligations and conditions set forth in the Order including, but not limited to, the condition that I will not disclose any Confidential - Protected Information, as defined in the Order, to which I have been given access other than pursuant to the Order.  Further, I will not use any Confidential - Protected Information for any purpose other than the purpose of this litigation.

4. I subject myself to the continuing jurisdiction of the United States District Court for the Southern District of Illinois for the purpose of proceedings relating to my performance under, compliance with, or violation of said Order.

EXHIBIT A

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____

Sworn to and subscribed
before me this _____ day
of _____, 2006.


_____
      Notary Public

EXHIBIT A